# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In Re Application of Soo Line Railroad Company, dba Canadian Pacific Railway, for Issuance of a Subpoena,<br><br>Petitioner | Misc. Case No. _____<br><br>*EX PARTE* APPLICATION FOR DISCOVERY ORDER PURSUANT TO 28 U.S.C. § 1782 IN AID OF FOREIGN PROCEEDING |

Petitioner Soo Line Railroad Company, dba Canadian Pacific Railway, an operating subsidiary of Canadian Pacific Railway Company ("Petitioner"), by its counsel, hereby applies to the Court for an order under 28 U.S.C. § 1782(a) granting it leave to issue a subpoena duces tecum to World Fuel Services Corp. and World Fuel Services Inc. (collectively, "World Fuel") to produce documents for use in an ongoing civil proceeding in Quebec, Canada. Petitioner is the defendant in that civil proceeding.

This Application is supported by the memorandum of points and authorities below, the Declaration of Paul Hemming ("Hemming Decl."), and a Letter Rogatory signed by the Honorable Martin Bureau of Quebec Superior Court on October 14, 2021. A proposed order and subpoena have also been filed.[1]

---

[1] Although the Letter Rogatory orders a representative of World Fuel to appear and attend a virtual hearing, Petitioner here *only* seeks World Fuel documents specified in the Letter Rogatory. It is Petitioner's understanding that Plaintiffs in the ongoing civil proceeding in Quebec, Canada have sought testimony from a representative of World Fuel and will be separately seeking to enforce that component of the Letter Rogatory.

## FACTUAL BACKGROUND

On July 15, 2013, a class action suit was initiated against numerous respondents before the Quebec Superior Court (CSM No. 480-06-000001-132), including against Canadian Pacific Railway Company and Montreal Maine & Atlantic Canada Company ("MMAC"). The action arises out of a derailment that occurred on July 6, 2013, as the Train MMA-002 operated by the MMAC derailed on a section of railway line owned by the MMAC in Quebec, while carrying tanks cars of petroleum crude oil ("Crude Oil"). World Fuel was the shipper of the Crude Oil and directly responsible for classifying the Crude Oil. The class action suit was consolidated with other lawsuits in Quebec arising out of the derailment.

Plaintiffs in the Canadian action allege, among other things, that the MMAC is responsible for the derailment and that Petitioner is responsible for the faults committed by the MMAC. Petitioner denies these allegations, maintains that it has no liability in relation to the derailment, and argues, in part, that World Fuel is responsible for misclassification of the Crude Oil to the extent misclassification is relevant to the derailment.

On October 14, 2021, Petitioner obtained a Letter Rogatory signed by the Honorable Martin Bureau of Quebec Superior Court. (Hemming Decl., Ex. A). That Letter requests international judicial assistance from this Court in order to secure World Fuel's production of the requested documents. Justice Bureau determined that "any document establishing whether [World Fuel] knew, prior to the Derailment, that the petroleum crude oil it tendered for shipment should be classified as PG-II as opposed to

PG-III, and did not share this information, is relevant and necessary to the adjudication of the Canadian Litigation." Hemming Decl., Ex. A ¶ 21. He also found that the "the question as to whether or not CP's tariffs did apply to the shipment that derailed in Lac-Megantic on July 6, 2013 is highly relevant and documents with respect to this issue are necessary for the adjudication of the Litigation." *Id.* at ¶ 19. The subpoena duces tecum sought by this application is narrowly tailored to those items and seeks verbatim the document requests specified in Paragraph 25(ii) in that Order.

## ARGUMENT

28 U.S.C. § 1782 provides, in pertinent part, as follows:

> The district court of the district in which a person resides or is found may order him to give testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal … The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

Each of the statutory prerequisites for this Court to order discovery in aid of the foreign proceedings is satisfied.

1) World Fuel is a Florida corporation with its principal address located at 9800 NW 41 Street, Miami, FL which is in the Southern District of Florida.

2) The discovery will be used in Canadian proceedings, which were duly commended and constitute a "proceeding before a foreign or international tribunal." *See* 28 U.S.C. § 1782.

3) A Letter Rogatory was signed by the Honorable Martin Bureau of Quebec Superior Court on October 14, 2021 (Hemming Decl., Ex. A).

Where, as here, § 1782's threshold requirement have been met, the decision whether to grant the application rests within the district court's discretion. The Supreme Court of the United States articulated several factors for a court to consider when determining whether to grant an application, including: (1) whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the nature of the foreign tribunal and proceedings, and the receptivity of the foreign government, court, or agency to the assistance of the U.S. federal courts; (3) whether the application conceals an attempt to circumvent foreign proof-gathering restrictions or other public policies; and (4) whether the discovery would be unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-66 (2004). All of these factors weigh in favor of granting the Application.

First, World Fuel is not a participant in the underlying foreign proceeding, and Canada has no independent means of securing its cooperation. Second, the Canadian court has directly requested the Southern District of Florida's assistance in compelling World Fuel to produce documents in a Letter Rogatory. Third, this Application does not seek to circumvent proof-gathering restrictions, but rather seeks the assistance of this Court to enforce Petitioner's right under Quebec rules to request documents in World Fuel's possession. Fourth, the discovery sought is restricted to World Fuel's documents within its personal possession, and it is not unduly intrusive or burdensome.

## CONCLUSION

Petitioner hereby requests that the Court grant this Application and authorize Petitioner to issue a subpoena to World Fuel in the form attached to the Proposed Order as Exhibit 1.

Dated:  October 19, 2021                                    **TAFT STETTINIUS & HOLLISTER**


By: */s/ Kathryn M. Short*
    Kathryn M. Short (FL Bar# 107408)
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402-2157
Telephone: (612) 977-8400
Fax:         (612) 977-8650
Email:      kshort@taftlaw.com